UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| International Association of Heat & Frost Insulators & Allied Workers, Local #135,<br><br>    Plaintiff(s),<br><br>v.<br><br>The Local 135 Joint Apprenticeship & Training Committee, et al.,<br><br>    Defendant(s). | Case No. 2:25-cv-01626-JCM-NJK<br><br>**Order**<br><br>[Docket No. 34] |

Pending before the Court is Plaintiff's motion to extend the time for service on Defendant the Local 135 Joint Apprenticeship & Training Committee ("the Committee"). Docket No. 34. A response was filed by Defendants Jeremy Azevedo, Thomas Brackett, Christopher Hooks, Shane Striley, and George Tiuaana ("Individual Appearing Defendants"). Docket No. 38.[1] Plaintiff filed a reply. Docket No. 41. The Court does not require a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** the motion to extend.

**I.    BACKGROUND**

This case arises out of a union dispute regarding fiduciary duties under ERISA. *See* Docket No. 1 at ¶¶ 47-54 (first claim for relief). Plaintiff filed suit against several defendants, including the Committee. *See id.* at ¶¶ 22-31. Although it did so with respect to other defendants, Plaintiff did not effectuate service in timely fashion on the Committee. Plaintiff seeks to reopen the service deadline and to extend it by 14 days to accomplish service on the Committee. Docket No. 38. That is the matter currently before the Court.

---

[1] Individual Defendants Altimirano and Valoaga have not appeared. There may be a dispute percolating regarding Altimirano and Valoaga. *See, e.g.*, Docket No. 38 at 4. The Court does not herein express an opinion on those issues.

1

## II. STANDARDS

The timeframe for effectuating service in federal court is generally governed by Rule 4(m) of the Federal Rules of Civil Procedure:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The structure of Rule 4(m) gives rise to "two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. United States*, 587 F.3d 1188, 1198 (9th Cir. 2009) (citation and footnote omitted).[2]

With respect to the latter discretionary extension, excusable neglect is governed by the well-established *Pioneer* factors. *See Lemoge*, 587 F.3d at 1198. Those factors include (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Even when good cause is not shown, courts retain "broad" discretion to extend time to effectuate service. *See in re Sheehan*, 253 F.3d 507, 513 (9th Cir. 2001).

In practice, requests for extension of the service deadline are granted liberally. *See, e.g., Clark v. Wash. State Dept. of Health*, 735 F. Supp. 3d 1334, 1349-50 (W.D. Wash. 2024). Such leniency is in accordance with the Rule 1 directives to secure the just, speedy, and inexpensive determination of cases, as well as the overarching policy that cases should be decided on their

---

[2] The Court may grant an extension to the service deadline even if it had expired before that relief was sought. *See Mann v. Am. Airlines*, 342 F.3d 1088, 1090 (9th Cir. 2003).

merits when reasonably possible. *See Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986)).[3]

### III.   ANALYSIS

The Court would tend to agree with the Individual Appearing Defendants that good cause is lacking for a mandatory extension.[4] Such a finding would not end the analysis, however, as the Court may allow an extension of the service deadline even without a persuasive showing of good cause. The Court finds that the circumstances here support a permissive extension.

First, there is little danger of prejudice to the Committee in granting an extension. Although the case is moving forward in some respects, the Committee has actual knowledge of the lawsuit, the case remains in its infancy, and no decisions have been rendered adverse to the Committee. Moreover, the Committee's interests would appear to be aligned with the Individual Appearing Defendants, who have been advocating for those interests.[5]

Second, the length of the delay and its potential impact on the proceedings are both minimal. The default 90-day service period recently expired[6] and Plaintiff promptly sought an extension. Moreover, Plaintiff is only asking for 14 days to effectuate service.

---

[3] As to the governing legal landscape, the Court notes that the response relies heavily on an unpublished memorandum disposition issued by the Ninth Circuit in 1998. *See* Docket No. 38 at 5-6. Such memorandum dispositions are not properly cited. *See* 9th Cir. R. 36-3. The response also relies extensively on a published Ninth Circuit decision that addresses former Rule 4(j) of the Federal Rules of Civil Procedure, but that rule was superseded and replaced with the more lenient Rule 4(m) that is now operative. *See, e.g.*, *Mann*, 342 F.3d at 1090 n.2.

[4] The circumstances smack of inattention and carelessness, with counsel attesting that he did not realize that the Committee had not been served until after the service deadline expired. *See, e.g.*, Docket No. 34-1.

[5] It is puzzling to assert prejudice in the form of the Committee losing its "voice" in these proceedings within the very same papers filed by the Individual Appearing Defendants essentially advocating on behalf of the Committee. *See* Docket No. 38 at 8 n.4, 9. The Court has been given no reason to believe there is not a community of interest between the Committee and the Individual Appearing Defendants. *Cf. PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 434 n.5 (D. Nev. 2023) (discussing *Gilbert v. Zurich Life Ins. Co. of Am.*, No. 2:04-cv-01774-KJD-GWF, 2006 WL 8442041, at *5 (D. Nev. Jan. 4, 2006)).

[6] Ninety days from the filing of the complaint would be November 27, 2025, which was the Thanksgiving holiday.

Third, the reason for the delay militates slightly in favor of relief or, at worse, is neutral. The record here shows inattention and carelessness, which are not good reasons for delay. Nonetheless, Plaintiff was not acting in bad faith and courts are permitted to excuse negligent mistakes. *Cf. Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (en banc) (affirming district court finding of excusable neglect for failing to meet deadline due to calendaring error).

Fourth, as noted above, Plaintiff was not acting in bad faith.

In evaluating the pertinent considerations, the Court finds that there was excusable neglect such that a permissive Rule 4(m) extension is warranted.

## IV.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff's motion to extend. Plaintiff must serve the Committee within 14 days of the issuance of this order.

IT IS SO ORDERED.

Dated: December 15, 2025

_____
Nancy J. Koppe
United States Magistrate Judge