**FENNEMORE CRAIG, P.C.**
Shannon S. Pierce (Bar No. 12471)
Ryan C. Curtis (Bar No. 12949)
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: (775) 788-2200
Facsimile: (775) 786-1177
Email: spierce@fennemorelaw.com
Email: rcurtis@fennemorelaw.com

*Attorneys for Defendants/Counterclaimants*
*Shane Striley, Jeremy Azevedo, Christopher Hooks,*
*Thomas Brackett, and George Tuiaana*

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF HEAT & FROST INSULATORS & ALLIED WORKERS LOCAL #135, a labor organization and unincorporated association,<br><br>Plaintiffs,<br><br>v.<br><br>THE LOCAL 135 JOINT APPRENTICESHIP & TRAINING COMMITTEE, an employee Benefit trust governed by ERISA; and ANDRES ALTAMIRANO, an individual in his capacity as former trustee of the Local 135 JATC; SHANE STRILEY, an individual in his capacity as a former trustee of the Local 135 JATC; LARRY VALOAGA, an individual in his capacity as a former trustee of the Local 135 JATC; JEREMY AZEVEDO, an individual in his capacity as a trustee of the Local 135 JATC; CHRISTOPHER HOOKS, an individual in his capacity as a trustee of the Local 135 JATC; THOMAS BRACKETT, an individual in his capacity as a trustee of the Local 135 JATC; GEORGE TUIAANA, an individual in his capacity as a former alternate trustee of the Local 135 JATC,<br><br>Defendants. | Case No.  2:25-cv-01626-JCM-NJK<br><br><br>**JOINT MOTION AND ORDER TO STAY CASE AND REFER CASE TO COURT MEDIATION SERVICES**<br><br>[FIRST REQUEST] |

SHANE STRILEY, JEREMY AZEVEDO; CHRISTOPHER HOOKS, THOMAS BRACKETT; GEORGE TUIAANA, individually and collectively in their capacity as trustees of the Local 135 JATC,

Counterclaimants,

v.

INTERNATIONAL ASSOCIATION OF HEAT & FROST INSULATORS & ALLIED WORKERS LOCAL #135, a labor organization and unincorporated association GERALD BRAGG, an individual in his capacity as president of Local # 135; and Daniel Haguewood, an individual in his capacity as business manager of Local # 135,

Counter-Defendants.

Defendants/Counterclaimants SHANE STRILEY, JEREMY AZEVEDO, CHRISTOPHER HOOKS, THOMAS BRACKETT, and GEORGE TUIAANA ("Defendants/Counterclaimants"), by and through their attorneys of record, FENNEMORE CRAIG., P.C., Defendant/Counterclaimant The Local 135 Joint Apprenticeship & Training Committee ("JATC") by and through its attorneys of record, BROWNSTEIN HYATT FARBER SCHRECK, LLP, and Plaintiff/Counter-Defendants INTERNATIONAL ASSOCIATION OF HEAT & FROST INSULATORS & ALLIED WORKERS LOCAL #135 ("Union"), GERALD BRAGG, DANIEL HAGUEWOOD, and AARON QUIROZ (collectively "Plaintiff/Counter-Defendants"), by and through their attorneys of record, REESE RING VELTO, PLLC, hereby submit this Joint Motion to respectfully request that this case be stayed for 90 days so that the parties may engage in Court-assisted mediation to resolve this case in its entirety.

Key to this dispute is the proper interpretation of three governing documents of the Union and the JATC. Those three documents are (1) the Union's bylaws (the "Union Bylaws"); (2) the JATC Bylaws; and (3) the JATC Trust Agreement. The Parties believe that clarifying amendments or a possible restatement of the Union Bylaws and JATC Bylaws as they interplay with the JATC

2

Trust Agreement and its operation may resolve this case. Secondary to the dispute of this proper interpretation is whether or not the Union JATC Trustees meet the definition of "officer" under the Labor Management Reporting and Disclosure Act ("LMRDA").

The parties have continued to prosecute this case though extensive discovery requests and have noticed ten (10) depositions (scheduled for April 6, 9, 10, and 13) while simultaneously communicating, including meet and confer calls, in hopes of negotiating amended Union Bylaws and JATC Bylaws. In addition, the Plaintiffs/Counter-defendants have served written discovery on the Defendants/Counter-Plaintiffs with an answer date of April 6, 2026. Plaintiffs/Counter-Defendants have already responded to the Defendants/Counter-Plaintiffs initial discovery requests. A second set of discovery requests from the Defendants/Counter-Plaintiffs to the Plaintiffs/Counter-defendants are also currently pending with an answer date of April 6, 2026.

Based on numerous exchanges about proposed Union Bylaws and JATC Bylaws changes and a process attendant thereto, the Parties agree that Court-assisted mediation pursuant to Local Rule 16-5 would be in the best interests of all Parties and may provide an efficient and organized means of effectively resolving this dispute. This Joint Motion and request is not intended to delay this case in any way but is intended to bring it to a more expedient conclusion. As shown by the Parties' efforts in this matter, including the filing of various dispositive motions as well as the Parties' substantial and dutiful efforts in discovery, the Parties have responsibly prosecuted and defended claims thus far, but now hope to resolve this matter in the interests of judicial economy and the conservation of resources for all involved.

The case posture is that all Parties have propounded extensive discovery to each other including extensive Requests for Production, Requests for Admission, and Interrogatories, with certain responses to these discovery requests having been already served. Further, the Parties have noticed ten (10) depositions to take place on April 6, 9, 10, and 13, all ahead of the Discovery Cutoff of April 13, 2026, as set forth in the Scheduling Order dated November 20, 2025 (ECF 25).

Further, as the case and related discovery has proceeded, the parties have contemplated that the case could be resolved if the disputed Union Bylaws and JATC Bylaws could be clarified regarding the election, removal, and replacement of the Union's representatives to the JATC

("Union JATC Trustees"). Defendants/Counterclaimants contend that Union JATC Trustees Shane Striley and George Tuiaana were validly elected under the Union Bylaws and that Plaintiff/Counter-Defendants Gerald Bragg's attempt to remove them, relying upon authority under the Trust Agreement and Union Bylaws, was improper. Plaintiffs/Counter-Defendants Union, Bragg, Haguewood, and Quiroz contend that Bragg had the authority as Union President to remove and replace them through a written letter presented at a JATC meeting on May 6, 2026, the Trust Agreement, and Union Bylaws and appoint themselves as successor Union JATC Trustees. Despite this fundamental dispute, the Parties are in agreement that potential amendments to the Union Bylaws and JATC Bylaws could clarify precisely how Union JATC Trustees are elected and the circumstances and procedures for their removal and replacement, and resolve the fundamental issues in this dispute.

In recent weeks, the Parties have exchanged letters, emails, and have had various telephone conversations regarding the possibility of resolving this litigation by amending the Union Bylaws and the JATC Bylaws. This started with a letter from undersigned counsel dated January 23, 2026, proposing that the case could be resolved by clarifying the Union Bylaws. More recently, on March 16, 2026, counsel for Plaintiffs/Counter-Defendants Union, Bragg, Haguewood, and Quiroz proposed the idea of a stay so the Parties could negotiate Union Bylaw and JATC Bylaw amendments. Simultaneously, Union JATC Trustees Shane Striley and George Tuiaana presented proposed bylaws to the Union's Executive Board but the Executive Board did not present them to the Union Body because those proposed bylaws were rejected by the International Union President as being contrary to the International Constitution. [1]

While still exchanging discovery and scheduling depositions, counsel continued to communicate different terms such Union Bylaws and JATC Bylaws amendments might include. On March 27 and 30, counsel discussed the possibility of using Court-facilitated mediation as a means of more efficiently negotiating Union Bylaws and JATC Bylaws terms that would resolve

---

[1] Striley and Tuiaana printed copies of their proposed bylaws amendment and provided them to membership at the March 20, 2026, Union meeting.

this dispute. All Parties have agreed to this Motion, including requesting a stay and requesting the Court's mediation services.

Local Rule 16-5 provides the Court "may set any appropriate civil case for settlement conference or other alternative method of dispute resolution." The Parties agree that such a process, that is confidential, and that does not result in any disclosure to any judicial officer to whom the case is assigned, or in any dispute resolution communication being admissible in any subsequent proceeding (except as provided by the Federal Rules of Evidence), will facilitate a more efficient and better organized approach that will lead to a more prompt case resolution.[2] They further agree that the requested stay and mediation will be a better use of the Parties resources and potentially result in a resolution of this case and prevent future disputes and other litigation.

The Parties also believe that the requested stay and Court-facilitated mediation services will be an efficient use of the Court's resources. The Parties note that there are three pending motions that are now fully briefed and awaiting rulings, which could also become moot in a mediated and/or negotiated settlement. This includes the following:

- Plaintiff/Counter-Defendants' (Union, Bragg, and Haguewood) Motion to Dismiss Defendants/Counterclaimants' (Azevedo, Brackett, Hooks, Striley and Tuiaana) Counterclaim. Motion (ECF 27); Opposition (ECF 40) and Supplemental Opposition (ECF 45); Reply (ECF 46).

- Defendants/Counterclaimants' (Azevedo, Brackett, Hooks, Striley, and Tuiaana) Motion to Dismiss Plaintiff's (Union) Complaint for lack of subject-matter jurisdiction. Motion (ECF 52); Response (ECF 58); Reply (ECF 59); and,

- Plaintiff/Counter-Defendants' (Union, Bragg, and Haguewood) Motion to Dismiss JATC's Counterclaim. Motion (ECF 56); Response (ECF 61); Reply (ECF 62).

Good cause exists for this request. The Parties have continued to diligently work this case through issued discovery and scheduled depositions, which would be followed by dispositive

---

[2] The parties agree that this stipulated motion also shall not be used in any manner in this proceeding to impute or otherwise support liability against or create an obligation on any party.

5

motion briefing with those motions due on or before May 13, 2026. However, the Parties believe that their collective resources would be better spent engaging in mediation to develop mutually acceptable Union Bylaws and JATC Bylaws they expect will resolve this dispute and prevent future disputes.

The requested 90-day stay is due in part to the time needed to work through an appointed mediator to develop the Union and JATC Bylaws, but to also put the negotiated Union Bylaws to a required vote by the Union's membership at one of its upcoming monthly meetings.[3] If the negotiations result in Union Bylaw amendments approved by the Union's membership, and JATC Bylaw amendments that exhibit the Parties' agreement, the Parties envision this case would be resolved and dismissed in its entirety. However, if at any time the Parties collectively determine that negotiation and mediation is not leading to acceptable amendments to the Union Bylaws, they would inform the Court accordingly and request the Court to lift the stay and resume discovery under an amended scheduling order. Similarly, if the Parties collectively believe meaningful progress is being made prior to the expiration of the 90-day stay but that more time is needed, the Parties envision requesting limited additional time to complete the process. It is the intention of the parties to continue negotiation while the Court considers this motion and while a judicial mediator is appointed.

Accordingly, based on the agreement of the Parties through counsel, the Parties stipulate and request the case be stayed for 90 days and be referred to the Court's mediation services so that the Parties can negotiate amendments to the Union Bylaws and JATC Bylaws that may resolve this dispute in its entirety.

Dated: March 31, 2026.

---

[3] The amended JATC Bylaws would need to be adopted by the JATC Board of Trustees.

**FENNEMORE CRAIG, P.C.**

Shannon S. Pierce (Bar No. 12471)
Ryan C. Curtis (Bar No. 12949)
7800 Rancharrah Parkway
Reno, NV 89511
Telephone: (775) 788-2200
*Attorneys for Defendants/Counterclaimants*
*Shane Striley, Jeremy Azevedo,*
*Christopher Hooks, Thomas Brackett, and George Tuiaana*


**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

*/S/ Christopher Humes*
Bryce C. Loveland
Nevada Bar No. 10132
Christopher M Humes
Nevada Bar No.  12782
William D. Nobriga
Nevada Bar No. 14931
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-2102
*Attorneys for Defendant/Counterclaimant*
*Local 135 Joint Apprenticeship and*
*Training Committee*


**REESE RING VELTO, PLLC**

*/s/ Nathan Ring*
Nathan R. Ring
Nevada Bar No. 12078
Alex Velto
Nevada Bar No. 14961
3100 W. Charlston Blvd., Ste. 208
Las Vegas, NV  89102
*Attorneys for Plaintiff / Counter-Defendants*
*International Association of Heat & Frost*
*Insulators & Allied Workers Local #135,*
*Gerald Bragg, and Daniel Haguewood*

**ORDER**

Having considered the Joint Motion of the parties and the representations therein, and with good cause appearing, it is hereby ordered that the following that Case 2:25-cv-01626-JCM-NJK is hereby stayed until June 30, 2026 _____.

It is further ordered that the case is referred to the Court's mediation services.

It is further ordered that the parties shall jointly report the progress of mediation not later than April 30, 2026 _____, and every 30 days thereafter.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I certify that I am an employee of FENNEMORE CRAIG, P.C., and that on this date, pursuant to FRCP 5(b), I am serving a true and correct copy of the **JOINT MOTION AND REQUEST FOR MEDIATION SERVICES AND [PROPOSED] ORDER** on the parties set forth below by:

| | |
|---|---|
| _____ | Hand delivery at parties' 16.1 conference |
| _____ | Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices |
| _____ | Certified Mail, Return Receipt Requested |
| _____ | Via email, per the parties' agreement |
| _____ | Placing an original or true copy thereof in a sealed envelope and causing the same to be personally Hand Delivered |
| _____ | Federal Express (or other overnight delivery) |
| __XX__ | E-service effected by CM/ECF |

addressed as follows:

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**
Bryce C. Loveland
Christopher M Humes
William D. Nobriga
100 North City Parkway, Suite 1600
Las Vegas, NV  89106-2102
bcloveland@bhfs.com
chumes@bhfs.com
wnorbriga@bhfs.com

**REESE RING VELTO, PLLC**
Nathan R. Ring
Alex Velto
3100 W. Charlston Blvd., Ste. 208
Las Vegas, NV  89102
nathan@rrvlawyers.com
alex@rrvlawyers.com

DATED this 31st day of March 2026.

/s/ *Theresa M. Manginelli*
Employee of FENNEMORE CRAIG, P.C.

63843736.7

9